AO 241 (Rev. 5/85)

## PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

### PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*Instructions—Read Carefully*

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your personal account exceeds $_____, you must pay the filing fee as required by the rules of the district court.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Massachusetts | |
|---|---|---|
| Name Frederick Perry | Prisoner No. W-62347 | Case No. |

Place of Confinement
Massachusetts Correctional Institution at Norfolk
2 Clark Street, P.O. Box 43 Norfolk, MA. 02056-0043

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Frederick Perry | V.  Luis Spencer |

The Attorney General of the State of:
Thomas Riley

## PETITION

1. Name and location of court which entered the judgment of conviction under attack __Franklin County Superior Court  425 Main Street Greenfield, MA. 01301__

2. Date of judgment of conviction __March 20, 1997__

3. Length of sentence __Life without the possibility of parole; 15yrs.-20yrs.__

4. Nature of offense involved (all counts) __First-degree murder; Kidnapping__

5. What was your plea? (Check one)
   (a) Not guilty         ☒
   (b) Guilty             ☐
   (c) Nolo contendere    ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury        ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court  __Massachusetts Supreme Judicial Court__

   (b) Result __Conviction Affirmed__

   (c) Date of result and citation, if known __August 2, 2000__

   (d) Grounds raised __Insufficiency of evidence; Improper exclusion of expert testimony; Improper admission of inadmissible hearsay; (see attached)__

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court __N/A__

   (2) Result __N/A__

   (3) Date of result and citation, if known __N/A__

   (4) Grounds raised __N/A__

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court __N/A__

   (2) Result __N/A__

   (3) Date of result and citation, if known __N/A__

   (4) Grounds raised __N/A__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court __Franklin County Superior Court__

    (2) Nature of proceeding __Motion For New Trial (Mass.R.Crim.P. Rule 30)__

    (3) Grounds raised __Ineffective Assistance of Trial and Appellate Counsel; Denial of Defendant's Motion to Suppress Physical Evidence;__

(3)

AO 241 (Rev. 5/85)

_Trial Judge's denial of Defendant's Motion for Mistrial;_

_Sufficiency of Bill of Particulars; Error of Prosecution's_

_error in asking defendant to comment on (See Attached)_

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
      Yes ☐  No ☒

   (5) Result   N/A

   (6) Date of result   N/A

(b) As to any second petition, application or motion give the same information:

   (1) Name of court   N/A

   (2) Nature of proceeding   N/A

   (3) Grounds raised   N/A

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
      Yes ☐  No ☐

   (5) Result   N/A

   (6) Date of result   N/A

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
   (1) First petition, etc.    Yes ☒  No ☐
   (2) Second petition, etc.  Yes ☐  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

   N/A

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: **Evidence Was Insufficient To Support The Defendant's Murder Conviction Under Individual Liability Theory.**

Supporting FACTS (state *briefly* without citing cases or law) The evidence at trial showed at most that the defendant did in fact commit assault and battery on the victim weeks even months prior to his death, none of the injuries attributed to his death can be said to have been inflicted by this defendant. Evidence showed that others did in fact beat the victim just prior to his death inflicting injuries described by the Medical Examiner.

B. Ground two: **Evidence Was Insufficient To Support The Defendant's Murder Conviction Under Joint Venture Theory.**

Supporting FACTS (state *briefly* without citing cases or law): The Commonwealth introduced no evidence at trial to show that the defendant took part in any beatings of the victim, which were the proximate cause of death, with any other persons. Nor did they show that this defendant stood by ready and willing to assist in any way. The evidence was insufficient to show the required state of mind necessary to convict the defendant of murder under a joint venture theory.

AO 241 (Rev. 5/85)

C. Ground three: <u>The Evidence Was Insufficient To Prove That The Defendant Acted With Malice.</u>

Supporting FACTS (state *briefly* without citing cases or law): <u>The evidence at trial was sufficient, at most, to prove the defendant participated in various beatings of the victim at various times between December, 1994 and January, 1995. Not only did these beatings not cause immediate death but death did not occur until months later and the evidence strongly suggested that the victim died of pneumonia. (See Attached)</u>

D. Ground four <u>The Evidence Was Insufficient To Support The Defendant's Conviction Of Kidnapping Individually Or As A Joint Venturer.</u>

Supporting FACTS (state *briefly* without citing cases or law): <u>By all accounts, the victim voluntarily started living at the defendant's mother's home. Evidence showed that the defendant may have bossed victim around. Evidence victim was offered another place to go and refused was introduced by the Commonwealth. Evidence by the Commonwealth that on one occassion defendant tied victim to a chair and forced him to drink tobacco juice is insufficient to show that victim was (See Attached)</u>

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

    N/A

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing  <u>Janet Kenton-Walker</u>

    (b) At arraignment and plea  <u>Janet Kenton-Walker</u>

(6)

AO 241 (Rev. 5/85)

    (c) At trial __Janet Kenton-Walker__

    (d) At sentencing __Janet Kenton-Walker__

    (e) On appeal __James L. Sultan__

    (f) In any post-conviction proceeding __Pro-se__

    (g) On appeal from any adverse ruling in a post-conviction proceeding __Pro-se__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    N/A

    (b) Give date and length of the above sentence: __N/A__

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

                                          Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__Nov. 19, 2004__
    (date)

                                            *Frederich Perry*
                                            Signature of Petitioner

9. Grounds Raised On Direct Appeal:
   Erroneous admission of the defendant's custodial statements deprived him of a fair trial; Motion judge's denial of the defendant's motion to suppress physical evidence deprived the defendant of a fair trial; Violation of the defendant's right to be present at sidebar during individual voir dire of prospective jurors created a substantial likelihood of a miscarriage of justice;The trial judge's erroneous instruction as to the degree of murder created a substantial likelihood of a miscarriage of justice.

11. Grounds Raised On Motion For New Trial:
    ...credibility of prior Commonwealth witnesses; Judge's failure to dismiss venire persons in violation of defendant's right to a trial by an impartial jury.

12. Additional Grounds and Supporting Facts:
    C. Ground three: ...were insufficient to demonstrate any intent to cause grievous bodily injury, rather than mere bodily injury. Death did not occur until months after defendant's acts and may have been due to pneumonia, there is no indication that a reasonably prudent person would have known that there was a plain and strong likelihood that death would follow.

    D. Ground four: ...forced to stay at the defendant's mother's home. The Commonwealth's only other evidence relevant to kidnapping was that Clinton Maynard may have tied the victim to a weight bench and that <u>either</u> Roger Perry or the defendant said that they "should" leave the victim tied and gagged and that Clinton told the victim he would die if he "was let out." This evidence is not sufficient to uphold the defendant's conviction on either an individual or joint venture theory.
    E. Ground five: Defendant's Constitutional Right of confrontation was violated when trial judge excluded expert testimony regarding mental impairment of a key prosecution witness.
      Supporting Facts: The trial judge excluded testimony of Dr. Harold Bursztajn which would have assisted the jury in

weighing the testimony of Laura White. Dr. Bursztajn would have testified as to the symtoms of prolonged marijuana and heroine abuse including the ability to remember, recall, perceive, and also the ability to confabulate and create. This evidence was clearly of a scientific nature and not a matter within the common knowledge of jurors, and was highly relevant and therefore deprived this defendant of an opportunity to challenge the witness's testimony. She alone claimed to have seen the victim tied up by the defendant. She alone claimed to have made personal observations as late as Valentine's day 1995, she alone claimed to have seen the victim's broken jaw. Her alleged observations were the closest in time to the victim's death.

F. Ground Six: Defendant's Constitutional right to confrontation was violated by the admission of inadmissible hearsay.
  Supporting Facts: An out-of-Court statement of Lena Perry that "she wasn't in charge of the victim, Freddy was", was offered to prove the matter asserted. Without such statement the evidence of kidnapping was even more deficient as was the murder charge as it related to the defendant's intent. This statement was further emphasised by the Commonwealth during closing argument when the prosecutor used it to characterize the defendnat as "running the household."

G. Ground Seven: Defendant's Constitutional right to a fair trial was violated by the admission of his custodial statements.
  Supporting Facts; Defendant was intentionally deprived of his statutory right to make a telephone call when he was interrogated by State Police at the House of Correction were he was being held on an unrelated conviction. The officers escorted defendant to and from the bathroom, admitting that they were concerned defendant would make a telephone call.

H. Ground Eight: Defendant's Constitutional rights to due process were violated when his conviction was based on an involuntary statement.

Supporting Facts: Defense expert, Dr. Harold Bursztajn, testified at trial, as well as at defendant's suppression hearing. In his expert opinion, at the time of the interrogation the defendant was suffering from a longstanding mental illness, to wit, severe paranoia and depression, and as such the statements of the defendant were obtained as a direct result of the mental illness.

I. Ground Nine: Defendant's statements were obtained in violation of his Constitutional right to counsel pursuant to Miranda.

Supporting Facts: Defendant requested, during the custodial interrogation, an attorney on at least three separate occassions. The officers failed to cease the interrogation which was initiated by them. The officers continued by stating to the defendant that an attorney was not needed as it was only preliminary. Subsequently a statement was taken.

J. Ground Ten: Defendant's Constitutional right to be personally present at all critical stages of the proceedings was violated when he was barred from sidebar during individual juror voir dire.

Supporting Facts: The trial judge asked defense counsel whether the defendant wished to be present at sidebar. Counsel stated "for this _I_ would rather have him sit back there." At no time was the defendant consulted regarding this right.

K. Ground Eleven: Defendant's Constitutional right against self-incrimination was violated when he was compelled by trial counsel to testify at trial.

Supporting Facts: Defendant was compelled to testify against

his wishes by trial counsel. Counsel, along with the assistance of Dr. Harold Bursztajn, told defendant that he had no choice but to testify because the jury needed to hear his version of the facts. Defendant adamantly told counsel that he did not want to testify. It was at that time that counsel recruited Dr. Bursztajn, who, using his skills as a forensic psychologist/psychiatrist, assisted trial counsel in overcoming defendant's wishes.

L. Ground Twelve: Defendant's Constitutional rights to the effective assistance of counsel at trial and on direct appeal were violated when trial counsel failed to request a unanimity instruction.

Supporting Facts: There was evidence presented that the victim was assaulted on numerous occassions but the evidence failed to show that the defendant was involved in or even present during any specific assault, nor were there any specific dates given for any of these assaults.. Defense counsel presented evidence that the defendant was not present during some of, if any of these incidents. The jury would have had to agree unanimously as to at least one specific act in which the defendant willingly took part as the basis for the conviction if trial counsel had requested a specific unanimity instruction.

M. Ground Thirteen: Defendant's Constitutional rights to the effective assistance of counsel was violated when trial counsel failed to raise defendant's right to a telephone call issue during defendant's suppression proceedings.

Supporting Facts: Trial counsel filed a motion to suppress defendant's custodial statement. During these proceedings counsel raised Miranda issues as well as voluntariness issues. Testimony by both interrogating officers revealed that they did not want the defendant using the telephone, and that they had requested correctional officers to keep defendant away

from any telephones.

N. Ground Fourteen: Defendant's Constitutional right to effective assistance of counsel was violated when trial counsel failed to challenge the sufficiency of the Commonwealth's Bill of Particulars.

Supporting Facts: The Commonwealth's bill of particulars failed to specify with any particularity any date the Commonwealth was relying upon in which the defendant was involved, individually or as a joint venturer, in any assault or beating which ultimately caused victim's death.

O. Ground Fifteen: Defendant's Constitutional right to the effective assistance of counsel on direct appeal was violated when appellate counsel failed to raise the significant and obvious issues which defendant raised in his motion for new trial.

Supporting Facts: Defendant raised ten issues in his motion for new trial, including five ineffective assistance of trial counsel claims, denial of defendant's motion to suppress physical evidence, sufficiency of bill of particulars, error of prosecution's error in asking defendant to comment on the credibility of Commonwealth witnesses, judge's failure to dismiss venire persons in violation of defendant's right to a fair trial by an impartial jury, judge's error in denying motion for mistrial and dismissal of indictment based on late disclosure of exculpatory rvidence.

P. Ground Sixteen: Defendant's Constitutional right to a fair trial was violated when the trial judge denied defendant's motion for mistrial and dismissal of the indictment.

Supporting Facts: Trial counsel filed a general motion for exculpatory evidence, which was allowed. At trial, during direct examination, Laura White made mention of her psych-

iatric history. Immediately a side-bar conference was held at which time the prosecution told the Court that they were in fact aware of this information and had relied upon Ms. White's assertion that she had told defendant's investigators about such history and records.

Q. Ground Seventeen: Defendant's right to a fair trial was violated when the trial judge failed to dismiss two venire persons.
  Supporting Facts: During jury impanelment a lunch break was taken. At some point during this break, two female venire persons got into the Superior Court lock-up area where the defendant was being held in a cell with numerous Court officers were mingling in the lock-up area, in plain visibility of any one passing along the corridor. The trial judge was immediately informed by Court officers, as well as trial counsel after defendant had informed her, about the two venire persons in the lock-up area. The sidebar colloquay between counsel, judge, and Court officers does not appear in the trial record. Trial judge refused to dismiss either of these venire persons, one of which subsequently deliberated and convicted defendant.

*Frederick Perry*

Nov. 19, 2004