UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
FREDERICK PERRY,           )
        Petitioner,        )
                           )
                           )        Civil Action
   v.                      )        No. 04-12529-RWZ
                           )
                           )
LUIS SPENCER,              )
        Respondent.        )
                           )
```

FILED
IN CLERKS OFFICE.

2005 FEB 10 P 1:37

U.S. DISTRICT COURT
DISTRICT OF MASS

PETITIONER'S RESPONSE

Petitioner, pursuant to Rule 5 of the Rules Governing 28 U.S.C. § 2254 cases, responds to the Respondent's answer to the numbered paragraphs of the petition for writ of habeas corpus as follows:

1.  Admitted.

2.  Admitted.

3.  Admitted.

4.  Admitted.

5.  Admitted.

6.  Admitted.

7.  Admitted.

8.  Admitted.

9.  Admitted.

10. Admitted.

11. Petitioner admits ¶¶ 11(a)(1)-(2). Petitioner stands on petition as to ¶¶ 11(a)(3). Petitioner admits ¶¶ 11(a)(4)-(d).

12. Petitioner stands on petition until memorandum of law is necessary.

13. Admitted.

14. Petitioner stands on petition until memorandum of law is necessary.

15. Admitted.

16. Admitted.

17. Petitioner stands on petition until memorandum of law is necessary.

18. Petitioner states that the the State Court judgments do not rest on any independent State law grounds barring habeas corpus relief, the Respondent's allegation in ¶¶ 18 is therefore denied.

19. Petitioner states that the respondent has failed to specify which, if any, claims were not presented in State Court in a procedurally proper fashion. Petitioner says that the Respondent waives any and all further action to prevent Petitioner from raising all claims cited in petition. To the extent answer is required, petitioner denies Respondent's allegation in ¶¶ 19.

20. Petitioner denies Respondent's allegation to ¶¶ 20. Refer to timetable attached.

21. Petitioner has stated numerous claims, including, but not limited to, ineffective assistance of counsel, both trial and appellate, Sufficiency of the evidence, as well as many other meritorious claims upon which habeas corpus relief can be granted. The Respondent's allegation in ¶¶ 21 is therefore denied.

22. Respondent has not presented adequate and specific

grounds upon which to base thier fifth affirmative defense. The Respondent's allegation in ¶¶22 is therefore denied.

23. Petitioner lacks knowledge, information or facts sufficient to form a belief or opinion as to the truth of the Respondent's allegation and therefore Respondent's allegation to ¶¶ 23 is therefore denied.

24. Admitted.

25. Admitted.

Respectfully submitted,

*Frederick Perry*
Frederick Perry
MCI-Norfolk
2 Clark St./P.O. Box 43
Norfolk, MA. 02056-0043

DATE: February 8, 2005

TIMETABLE

| | |
|---|---|
| Indictment Date | June 16, 1995 |
| Trial Started | March 3, 1997 |
| Trial Ended | March 20, 1997 |
| Date Of Appeal | April 4, 1997 |
| Supreme Judicial Court Decision | August 2, 2000 |
| Filing Date for New Trial Motion | December 4, 2000 |
| Decision on New Trial Motion | November 26, 2001 |
| Petition For Leave to Appeal to Single Justice (Gatekeeper Petition) | March 14, 2002 |
| Single Justice Decision | October 5, 2004 |
| Petition for Writ of Habeas Corpus | December 1, 2004 |

It should be noted that Petitioner had the opportunity to seek certiorari in the United States Supreme Court which he did not do.

Pursuant to case law handed down by the First Circuit Court of Appeals, the time in which a defendant may seek certiorari in the Supreme Court (90 days), whether he seeks it or not does not keep the clock running. In other words a defendant's tolling time for habeas corpus petition does not start until 90 days after the final disposition of the State Court.