UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2006 MAY 22 P 3: 06

U.S. DISTRICT COURT
DISTRICT OF MASS.

Frederick Perry,      )
            Petitioner )
                       )
                       )
        v.             )
                       )
                       )
Luis Spencer,          )
            Respondent )

Civil Action
No. 04-12529-RWZ

PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION
TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2254

RESPECTFULLY SUBMITTED,

*Frederick Perry*

Frederick Perry
MCI-Norfolk
2 Clark St./P.O. Box 43
Norfolk, MA. 02056-0043

DATE: May 20, 2006

FILED
UNITED STATES DISTRICT COURTN CLERKS OFFICE
DISTRICT OF MASSACHUSETTS

2006 MAY 22 P 3: 06

U.S. DISTRICT COURT
DISTRICT OF MASS.

Frederick Perry,            )
            Petitioner )
                            )                Civil Action
            v.              )                No. 04-12529-RWZ
                            )
                            )
Luis Spencer,               )
            Respondent )

MEMORANDUM IN SUPPORT OF PETITIONER'S REPLY
TO RESPONDENT'S OPPOSITION TO PETITIONER'S PETITION
FOR WRIT OF HABEAS CORPUS

Now comes the Petitioner in the above-entitled action
and respectfully moves this Honorable Court will allow the
Petitioner's Petition for Writ of Habeas Corpus.

Petitioner states the following in response to the
Respondent's opposition to said petition: 1/

ISSUE No. 1

Underr Federal law the critical inquiry is whether a
rational jury could have found every essential of the crime
charged beyond a reasonable doubt. Francis v. Franklin, 471
U.S. 307, 313. The U.S. Supreme Court has clearly held that
the Constitution give s a criminal defendant the right to have
a jury determine beyond a reasonable doubt, his guilt of every
element of the crime with which he is charged. United States

_____
1/ Petitioner will not re-state the titles of each argument
in order to save space. Petitioner asks that this court
will refer to original petition for those headings.

v. Gaudin, 515 U.S. 506, 522-523 (1995); Zant v. Stephens, 462 U.S. 862, 880-881.

In the immediate case, the jury did not specify whether Petitioner was guilty as a principle or as a joint venturer. There was no evidence presented by the Commonwealth that the Petitioner was responsible for either of the two injuries which the medical examiner described as being fatal, nor was there evidence that Petitioner was responsible for Paige's jaw injury. There was no evidence that any blow inflicted by Petitioner proximately caused Paige's death. Any finding to the contrary would be unreasonable and based on impermissible rank speculation.

The Commonwealth presented ample undisputed evidence that other individuals caused the injuries to Paige's hands while Petitioner was not at the home and that Paige was struck with a hacksaw, dumbbell bar and other instruments by Clinton Maynard outside Petitioner's presence.

Wherefore, the holding of the State courts that every essential element of the crime charged was proved beyond a reasonable doubt was unreasonable and contrary to Federal law.

Therefore, habeas relief should be granted on this ground.

ISSUE No. 2

Under Federal Law, in order to convict a defendant under a joint venture theory, the prosecution must prove that the defendant aided, commanded, counseled, or encouraged the commission of a crime while sharing with the principal the mental state required for the crime. Pereira v. United States,

- 4 -

347 U.S. 1, 9-10.

The Commonwealth's evidence was sufficient, at most, to establish Petitioner's limited participation with others in various beatings of Paige, none of which can be matched to any specific injuries. There was evidence presented that Clinton Maynard beat paige outside Petitioner's presence on numerous occassions, and that petitioner left the residence while Paige stayed with Roger, Richard, Clinton, and John. The Commonwealth relied upon the Petitioner's mere presence in the house during beatings by third parties, his failure to prevent such beatings, and his limited participation in the disposal of the body, none of which is sufficient to prove he aided, commanded, counseled or encouraged the commission of the crime or that he shared with the principal the required mental state neccessary for murder as a joint venturer.

Wherefore, the holdings of the State courts that every essential element of the crime charged was proved beyond a reasonable doubt was unreasonable and contrary to Federal law. See, Gaudin, supra at 515 U.S. 522-523; Zant, supra at 462 U.S. 880-881; Pereira, supra at 347 U.S. 9-10.

Therefore, habeas relief shoulds be granted on this ground.
ISSUE No. 3

Under Federal law the critical inquiry is whether a rational jury could have found every essential element of the crime charged beyond a reasonable doubt. Francis v. Franklin, 471 U.S. 307, 313.

One of the elements of murder is malice aforethought

- 5 -

which may be proved by evidence establishing one of three
theories or "prongs" of malice.

In the instant caase, the Commonwealth's evidence was
sufficient, at most, to demonstrate that Petitioner may have
participated in various beatings at various times. Not only
did these beatings not cause immediate death, but death did
not occur until months later and the evidence strongly sug-
gested the victim died of pneumonia. Further the evidence was
insufficient to pròve that any acts attributable to petitioner
demonstrated any intent to cause "grievous bodily injury"
Finally, the evidence was insufficient to prove third-prong
malice. Where the death did not occur until months after
petitioner's alleged acts and may well have been due to
pneumonia, there is no indication that a reasonably prudent
person would hàve known that there was a plain and strong like-
lihood of death. There was no evidence that any of the beatings
attributable to petitioner caused severe injury to the victim,
or that petitioner intended anything more than mere injury by
his acts.

Wherefore, the evidence of malice was insufficient to
prove the petitioner committed murder and the holdings of the
State courts that every essential element of the crime charged
was proven beyond a reasonable doubt was unreasonable and
contrary to Federal law.

Therefore, habeas relief should be granted on this ground.

ISSUE No. 4

Under Federal law the critical inquiry is whethèr a

rational jury could have found every essential element of the crime charged beyond a reasonable doubt. <u>Francis v. Franklin</u>, supra at 471 U.S. 307, 313. See also, <u>Gaudin</u>, supra at 515 U.S. 522-523; <u>Zant</u>, supar at 462 U.S. 880-881.

The evidence presented was insufficient to prove that any kidnapping occurred under either individual or joint venture theory. By all accounts Paige voluntarily stayed at the home. In fact, the Commonwealth presented evidence that Paige was offered an alternative place to live and he specifically declined. The Commonwealth's only other evidence was that Clinton allegedly tied Paige to a weight bench while beating him.

Wherefore, the holdings of the State courts that every essential element of the crime charged was sufficiently proven beyond a reasonable doubt was unreasonable and contrary to Federal Law.

Therefore, habeas relief should be granted on this ground.

ISSUE No. 5

Under Federal law the Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to present a defense, including the right to present witnesses. <u>Washington v. Texas</u>, 388 U.S. 14, 18-19 (1967).

The trial judge excluded Petitioner's proffered expert testimony on the effects of long-term heroin and marijuana use on a person's inability to remember, to recall, to perceive and also the ability to confabulate and create. The judge ruled that "I would not permit that, because that goes

beyond, I think, what's been testified to." However, Laura White had testified on direct and cross- examination of her long-term heroin and marijuana use.

Had this proffered expert testimony been allowed the jury may well have discounted Laura White's. Wherefore, the judge's exclusion of this expert testimony was unreasonable and contrary to Federal Law.

Therefore, habeas relief should be granted on this ground.

ISSUE No. 6

___ Under Federal law the improper admission of hearsay in a criminal trial implicates a defendant's right to confrontation under the Sixth and Fourteenth Amendments to the United States Constitution. White v. Illinois, 503 U.S. 346, 352-354 (1992); Idaho v. Wright, 497 U.S. 805, 813-817 (1990).

The Commonwealth presented, through another witness, the out-of-court hearsay statement of Lena perry, that "she wasn't in Charge of [Paige]...Freddy was," as an offer to prove the truth of the matter asserted. The Commonwealth presented no evidence that Lena Perry was a joint venturer in beating, murdering, or kidnapping Paige nor did they present any evidence to show that she shared in any culpable mental state with any other individual. The evidence of kidnapping, which was in-sufficient even with this statement, was even more deficient without that statement. This statement also erroneously buttressed the murder charge, as it related to Petitioner's intent. This statement was further emphasized by the Common-wealth during closing arguments to characterize Petitioner as

- 8 -

"running the household."

Wherefore, the improper admission of Lena Perry's out-of-court statement by the State court was unreasonable and contrary to Federal law and the United States Constitution.

Therefore, habeas relief should be granted on this ground.

ISSUE No. 7

Under Federal law the Due Process clause of the Fifth, and Fourteenth Amendments to ther United States Constitution are violated when a conviction is based in whole or in part upon an involuntary confession. jackson v. Denno, 378 U.S. 368, 376 (1964). A statement by someone who, by dint of mental or physical impairment, is incapable of withholding information cannot be used as evidence.

In the opinion of Dr. Harold Bursztajn's, a forensic psychiatrist, at the time of the interrogation, the Petitioner suffered from a long-standing major mental illness of severe paranoia and depression and his statements were obtained as a direct result of that illness.

Wherefore, the improper admission of Petitioner's statements by the State courts were unreasonable and contrary to Federal Law.

Therefore, habeas relief should be granted on this ground.

ISSUE No. 8

Under federal law, if an individual in custody "states that he wants a lawyer, the interrogation must cease until an attorney is present." Miranda v. Arizona, 384 U.S. 436, 474

- 9 -

(1966).

Petitioner unequivocally asserted his right to an attorney during the interrogation on at least two occassions. This right was not honored by the police and his statements were subsequently used as evidence against him.

Wherefore, the improper admission of Petitioner's statements to the police were unreasonable and contrary to Federal law.

Therefore, habeas relief should be granted on this ground.

ISSUE No. 9

Under Federal law, a criminal defendant has a right to be personally present at all critical stages of the proceedings under the Sixth and Fourteenth Amendments to the United States Constitution. Kentucky v. Stincer, 482 U.S. 730 (1987). This right extends to jury selection. Lewis v. United States, 146 U.S. 370, 373-376 (1892); accord Gomez v. United States, 490 U.S. 858, 873 (1989). A defendant may waive his right to be present, see United States v. Neff, 10 F.3d 1321, 1324 (7th Cir. 1993), but a purported waiver by counsel is not adequate to effect a waivwer, United States v. Billingsly, 766 F.2d 1015, 1020 (7th Cir. 1985).

The trial judge asked trial counsel whether defendant wished to be present at sidebar, and counsel expressed her preferrence that he not be present, stating, "for this I would rather have him sit back there." By relying solely on defense counsel instead of addressing the defendant directly, the trial court unreasonably violated defendant's right to be

present or <u>personally</u> waive that right contrary to Federal
law.

Therefore, habeas relief should be granted on this ground.

ISSUE No. 10

Under Fedearal law a criminal defendant has a right to
the effective assistance of counsel. The U.S. Supreme Court has
articulated a two-prong test to be applied to claims of ineffec-
tive assistance of counsel, 1) Counsel's representation fell
below an objective standard of reasonable; and 2) that counsels'
error prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S.
668, 104 S.Ct. 2052, 2064-2068 (1984). Federal courts in
addressing the issue of appellate counsel's effectiveness under
the <u>Strickland</u> standard, have focused upon whether appellate
counsel "failed to raise a significant and obvious issue which
may have resulted in reversal of the conviction or an order
for a new trial." <u>Gray v. Greer</u>, 800 F.2d 644, 646 (1986).

In his ruling on Petitioner's motion for new trial, the
hearing judge used his personal knowledge of both trial and
appellate counsel's prior experience in making his decision
on said motion. Under the <u>Strickland</u> standard, this is an
unreasonable ruling and contrary to Federal law.

Therefore, habeas relief should be granted on this ground.

**Trial counsel** was made waware of two witnesses, both of
which would have refuted the testimony of a key prosecution
witness. Counsel was also made aware that the lead private
investigator for the defense had in his possession, a state-
ment from another prosecution witness, in which that witness

- 11 -

stated that she had leed to the district attorney. Had the
lead investigator been called this statement would have been
admitted. He would have been able to testify that he spoke to
the witness who said he had seen Paige at a convenience store
alone in early February which would have unquivocally refuted
the key prosecution witness's testimony. Trial counsel's
errors were prejudicial to the defense.

Wherefore, the hearing judge's ruling was unreasonable
and contrary to federal law.

Therefore, habeas relief should be granted on this ground.

Issue No. 11

Under Federal law every criminal defendant is privileged
to testify in his own defense, or refuse to do so. Harris v.
New York, 401 U.S. 222, 225 (1971); Wainwright v. Sykes, 433
U.S. 72, 91 n. 1 (1977). It is agreed by all that a claim of
the Fifth Amendment privilege against self-incrimination does
not require any special combination of words. Quinn v. United
States, 349 U.S. 155, 162 (1955).

Trial counsel while in the company of Dr. Harold Bursztajn
insisted that the Petitioner must testify. Dr. Bursztajn, who
testifeid earlier that the defendant suffered from a long-
standing mental illness and would be open to engaging in
behavior which is not voluntary, that the defendant's behavior
is based on the belief that even though what one is doing isn't
in one's best interest, one has to do it, one feels that one
has no choice about it," was recruited by counsel to also
insist that defendant must testify.

Wherefore, trial counsel's violation of defendant's privilege against self-incrimination was unreasonable and contrary to The <u>Strickland</u> standard and Federal law.

Therefore, habeas relief should be granted on this ground.

ISSUE No. 12

Under Federal law a jury must be unanimous as to which specific acts constitutes the offense charged. <u>Andres v. United States</u>, 333 U.S. 740, 748 (1948); <u>Johnson v. Louisiana</u>, 406 U.S. 356, 369 (1972).

Trial counsel failed in requesting a specific unanimity instruction where the Commonwealth alleged that Petitioner and other third parties, at different times and in different combinations struck and mistreated Paige. The Commonwealth failed to show that the Petitioner was involved in or even present during any specific act connected to any specific injury causing death, nor did they present any specific dates in which Petitioner may have been involved. Defense presented evidence that petitioner was not present during some, if any, at all, of the alleged incidents.

Wherefore, trial counsel's failure to request a specific unanimity instruction was a violation of Petitioner's right to effective assistance of counsel and was unreasonable and contrary to Federal law.

Therefore, habeas relief should be granted on this ground.

ISSUE No. 13

Under Federal law the defendant's right to effective assistance of counsel as guaranteed by the Sixth Amendment to

- 13 -

the United States Constitution, extends to the defendant's
first appeal. <u>Evitts v. Lucey</u>, 469 U.S. 387 (1985).

Appellate counsels failed to raise several significant
and obvious issues, including the ineffective assistance of
counsel issues raised by the Petitioner in his new trial
motion as well as the failure to raise the issue of the denial
of defendant's motion to suppress physical evidence.

Any failure to raise these issues by appellate counsel
on defendant's first appeal was a violation of Petitioner's
right to effective assistance of appellate counsel, not only
was it a direct violation but, it was unreasonable and con-
trary to Federal law.

Therefore, habeas relief should be granted on this ground.
ISSUE No. 14

Under Federal law, if a suspects statements had been
obtained by "techniques and methods offensive to due process,"
<u>Haynes v. Washington</u>, 373 U.S. 503, 515 (1963), or under
circumstances in which the suspect clearly had no opportunity
to exercise "a free and unconstrained will," <u>Id</u>. at 514, the
statements would not be admitted." See <u>Oregon v. Elstad</u>,470
U.S. 298, 304.

Trial counsel filed a motion to suppress defendnat's
custodial statements. During these proceedings the prosecution
elicited testimony from two state police officers that they
did not want Petitioner using the telephone. Trooper Hart also
testified that Petitioner was escorted to the bathroom on one
occassion because they were afraid he was going to use the

- 14 -

telephone. Trial counsel failed to pursue this issue at the
suppression hearing or in a memorandum in support of the oral
argument. Nor was it pursued at trial. Had trial counsel
pursued this issue, there was a substantial likelihood that
Petitioner's custodial statements would not have been allowed
to be used due to the involuntary nature as well as the tech-
niques and **offensive** methods used to obtain said statements.

Wherefore, the failure of trial counsel to raise this
issue at the suppression hearing or at trial was unreasonable
and contrary to Federal law.

Therefore, habeas relief should be granted on this ground.

ISSUE No. 15

Under Federal law admission into evidence of items obtained
by search and seizure in violation of a criminal defendant's
Constitutional rights violates the Fourth Amendment to the
Constitution to the United States. Weeks v. United States, 232
U.S. 383 (1914).

A search warrant is invalid if the underlying facts in
the affidavit do not provide a sufficient nexus to the place
targeted for search. See, Spinelli v. United States, 393 U.S. 410,
416 (1960.

The information presented in support of the search warrant
did not provide sufficient nexus to the place to be searched,
there was nothing in the application or affidavit to indicate
that the perry family would carry blood or hair of the
deceased to their new residence, nor was there any allegation
that Paige had ever been at their new residence, nor was there

- 18 -

During jury impanelment, a lunch break was taken, at which time two venire persons observed clearly the defendant in a holding cell surrounded by court officers, police and other court personnel. Defendant looked directly at them as they looked at him. The judge, upon notification of this held a side-bar conference with these two persons. After said conference the judge refused to dismiss for cause either of these individuals, one of which went on to deliberate the defendant's guilt or innocence.

Wherefore the judge's failure to dismiss these two individuals was unreasonable and contrary to Federal law in that he possibly allowed a juror to sit who was not impartial.

Therefore, habeas relief should be granted on this ground.

ISSUE No. 20

Under Federal law, state statutes may create liberty interests that are entitled to the procedural protections of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. Vitek v. Jones, 445 U.S. 480, 488 (1980). The U.S. Court of Appeals for the Ninth Circuit stated that "while the right to use a telephone may not per se rise to the level of a liberty interest protected by the procedural mandate of the Fourteenth Amendment, the right of an arrestee not to be held incommunicado involves a substantial liberty interest." Carlo v. City of Chino, 105 F.3d 493 (9th Cir. 1997). It is not necessary that the suspect have been placed formally under arrest. See, Dunaway v. New York, 442 U.S. 200, 216 (1979)(taking custody of

- 15 -

any information presented that the items identified in the
search warrant had been taken to their new residence.

Wherefore, the judge's denial of defendant's motion to
suppress physical evidence was unreasonable and contrary to
Federal law

Therefore, habeas relief should be granted on this ground.

ISSUE No. 16

Under Federal law, determinations of credibility are
for the jury, Sartor v. Arkansas Natural Gas Corp., 321 U.S.
620, 628 (1944).

The prosecutor asked the defendant, in the immediate
case, on cross-examination numerous questions as to the vera-
city of five prosecution witnesses testimony. It cannot be
said that the prosecutor's misconduct did not affect the ver-
dict and substantially prejudice the defendant.

Wherefore, to ask a defendant to comment on the credi-
bility of another witness is unreasonable and contrary to
Federal law.

___   Therefore, habeas relief should be granted on this ground.

ISSUE No. 17

Under Federal law, due process requires that the prose-
cution make a timely disclosure to a defendant of exculpatory
material evidence in it's possession. United States v. Agurs,
427 U.S. 97, 103-114 (1976); Brady v. Maryland, 373 U.S. 83,
87 (1963).

Defense counsel made a general request for all exculpatory
evidence. At trial Laura White testified of her drug abuse and

- 16 -

her extended psychiatric history. At a side-bar discussion
the district attorney said that his office was aware of her
psychiatric history. This evidence was not disclosed until
after this side-bar discussion and a specific request was made.
Had this evidence been disclosed in a timely manner prior to
trial defendant would have been able to 1) investigate the
severity of Laura White's illness; 2) show that her drug use
was substantial and on-going by presenting witnesses to testify
to such; 3) shown that her ability to perceive, remember and
articulate was substantially impaired by her willful ingestion
of heroin and marijuana; and 4) request a competency exam and
evaluation.

The defendant moved for mistrial and dimissal of the
indictment due to the late disclosure of Brady material which
if disclosed in a timely manner would have substantially
diminished the Commonwealth's case. That motion was denied.

Wherefore, the late disclosure was unreasonable and
contrary to Federal law, as was the judge's denial of defen-
dant's motion for mistrial and dismissal of the indictment.

Therefore habeas relief should be granted on this ground.

ISSUE No. 18

Under Federal law a defendant is entitled to notice
with reasonable particularity of time, place and circumstances,
considering all relevamt circumstances in the case. Failure
to allege dates of alleged offenses more precisely than
"between____and____" raises troubling due process claims.

United States v. Cruikshank, 92 U.S. 542 (1875). A vital function of an indictment is to provide such a description of the particuylar act alleged to have been committed by the accused as will enable him to properly defend against the accusation. Russell v. United States, 369 U.S. 749, 764 (1962).

The Bill of Particulars in this case failed to state with any particularity any date for which the Commonwealth was relying upon in which the defendant was involved in any assault or beating which caused the victim's death. Had the defendant been given specific dates **and times** he could have raised a reasonable doubt. The defendant did show that on specific dates at specific times he was not present but, with out being provided with the specific dates, or any particularity, for which the Commonwealth was relying, this avenue of defense was precluded.

Wherefore, the Commonwealth's error in providing more specific dates and times for which they were relying was unreasonable and contrary to Federal law.

Therefore, habeas relief should be granted on this ground.

ISSUE No. 19

Under Federal law, the presence of even one juror who is not impartial violates a defendant's right to a trial by an impartial jury. Ross v. Oklahoma, 487 U.S. 81, 85-86 (1988).

The Sixth Amendment to the Constitution of the United States guarantees the right of a criminal defendant to a trial by an impartial jury. Duncan v. Louisiana, 391 U.S. 145, 149 (1968).

- 19 -

suspect for purposes of interrogation constitutes de facto
arrest).

The plain words of Mass. General Laws (M.G.L.) chapter
276 § 33A (the state statute) grant a suspect the right to
a telephone call to contact an attorney or family and
friends to assist him.

The record clearly establishes 1) the defendant was in
custody; 2) was escoreted to the bathroom because the police
were afraid he would use the telephone; 3) jail staff were
directed by the police officers not to permit the defendant
to make phone calls; and 4) this violation was intentional.

Wherefore, the intentional denial of defendant's right
to a telephone call was unreasonable and a violation of the
Due Process Clause of the Fourteenth Amendment involving a
substantial liberty interest inthat he was held incommunicado.
The Petitioner was unable to contact an attorney or someone
who may have procured one for him, thereby violating a
procedural mandate of the Fourteenth Amendment and his rights
to due process which is contrary to Federal law.

Therefore, habeas relief should be granted on this ground.

For the reasons stated above, the Petitioner prays this
Honorable Court will allow his Petition for Writ of Habeas
Corpas forthwith on the grounds that his convictions were
and are based on unreasonable violations and rulings of the
state courts contrary to Federal law.

- 20 -

Respectfully submitted,

*Frederick Perry*
Frederick Perry
MCI-Norfolk
2 Clark St./P.O. Box 43
Norfolk, MA. 02056-0043


## CERTIFICATE OF SERVICE

I, Frederick Perry, Petitioner, do hereby certify that
I have served upon the Massachusetts Attorney General, a true
and complete copy of Petitioner's Reply To Respondent's
Opposition To Petitioner's Petition For Writ Of Habeas Corpus
Pursuant to 28 U.S.C. § 2254.


Respectfully submitted,

*Frederick Perry*
FREDERICK PERRY


Date: *May 20, 2006*